RANKIN-THOMAN, INC., APPELLANT, *v.* CALDWELL,
STATE FIRE MARSHALL, APPELLEE.
AMERICAN ELECTRIC POWER CO. ET AL., APPELLANTS, *v.*
CHIEF OF THE DIVISION OF FORESTRY AND RECLAMATION,
APPELLEE.

[Cite as Rankin-Thoman v. Caldwell (1975),
42 Ohio St. 2d 436.]

(Nos. 74-441 and 74-471—Decided June 11, 1975.)

*Messrs. Topper, Alloway, Goodman, DeLeone & Duffey, Mr. John J. Duffey* and *Mr. Clifford M. St. Clair,* for appellant in case No. 74-441.

*Messrs. Lane, Alton & Horst, Mr. John W. Edwards, Messrs. Freifield, Wehr, Moreland & England, Mr. William W. Wehr, Messrs. Graham & Graham, Mr. James F. Graham, Mr. Neal S. Tostenson, Messrs. Weinman, Downer, Quinn, Adulewicz & Kerr* and *Mr. William M. Downer,* for appellants in case No. 74-471.

*Mr. William J. Brown,* attorney general, *Mr. Gary E. Brown* and *Mr. Jay McKirahan,* for appellees.

PAUL W. BROWN, J.   In *Zangerle* v. *Evatt* (1942), 139 Ohio St. 563, *Fortner* v. *Thomas* (1970), 22 Ohio St. 2d 13, *M. J. Kelley Co.* v. *Cleveland* (1972), 32 Ohio St. 2d 150, *Burger Brewing Co.* v. *Liquor Control Comm.* (1973), 34 Ohio St. 2d 93, and *DeLong* v. *Board of Edn.* (1973),

36 Ohio St. 2d 62, this court held that the review of proceedings of administrative officers and agencies, authorized by Section 4(B), Article IV of the Ohio Constitution, contemplates quasi-judicial proceedings only. In *Fortner, supra,* and *Burger Brewing Co., supra,* we declared that R. C. 119.11 could not be employed to obtain judicial review of quasi-legislative proceedings of administrative officers and agencies. Those unequivocal judicial pronouncements foreclose the attempt by each appellant herein to appeal a quasi-legislative determination pursuant to R. C. 119.11.

However, these appeals present a broader question for determination, namely whether *any* situation exists, other than the review of quasi-legislative proceedings, to which R. C. 119.11 would be relevant. We conclude that the sole purpose and effect of R. C. 119.11 is to provide judicial review by the Court of Common Pleas of quasi-legislative proceedings, and therefore hold that section to be unconstitutional, in violation of Section 4(B), Article IV of the Ohio Constitution.

The distinction between quasi-legislative and quasi-judicial proceedings has sometimes been predicated upon procedural differences. Quasi-judicial proceedings require notice, hearing and the opportunity for introduction of evidence. *Kelley, supra; DeLong, supra.* Quasi-legislative proceedings do not. More frequently, however, courts have examined the nature of the proceedings themselves, to ascertain whether they involve the making or revising of rules, rather than the application of rules in an adjudicatory manner. Thus, in *Zangerle, supra,* this court determined the adoption of a rule by the Tax Commissioner to be quasi-legislative in character, and stated that "[c]ourts will not aid in making or revising rules of administrative officers, boards or commissions, being confined to deciding whether such rules are reasonable and lawful as applied to the facts of a particular justiciable case." In *Fortner, supra,* and *Burger Brewing Co., supra,* we declined to hear appeals filed pursuant to R. C. 119.11, because in each case

the appellant sought judicial review in the Court of Common Pleas of a regulation, not a determination of its application in an administrative adjudication.

Paragraph one of R. C. 119.11 provides that:

"Any person adversely affected by an order of an agency in adopting, amending, or rescinding a rule or in adopting, re-adopting, or continuing a rule, amendment, or rescission previously adopted as an emergency rule as provided in Section 119.03 of the Revised Code, may appeal to the Court of Common Pleas of Franklin County on the ground that said agency failed to comply with the law in adopting, amending, rescinding, publishing, or distributing said rule, or that the rule as adopted or amended by the agency is unreasonable or unlawful, or that the rescission of the rule was unreasonable or unlawful.* * *"

In explicit language, R. C. 119.11 provides for an appeal to the Court of Common Pleas from the making, revising, or rescinding of administrative rules, not from the application thereof in an adjudicatory proceeding. The language of the statute is clear and precise, and speaks to the *"adopting, amending,* or *rescinding* a rule,'' and to the failure "to comply with the law in *adopting, amending, rescinding, publishing,* or *distributing* said rule.'' (Emphasis added.) On its face, the section provides for appeals from quasi-legislative proceedings, not from quasi-judicial proceedings.

This construction is buttressed by the existence of other, specific provisions which provide for appeals from quasi-judicial determinations. R. C. 119.12 specifically provides for an appeal from the quasi-judicial determinations of state administrative agencies. R. C. 2506.01 specifically provides for an appeal from the quasi-judicial determinations of state political subdivisions. The language employed in both those sections is significantly different from the language of R. C. 119.11.

R. C. 2506.01, for example, provides for an appeal from "every final order, adjudication or decision of any officer, tribunal, authority, board, bureau, commission, depart-

ment or other division of any political subdivision of the state * * *." It excludes appeals from any order "which does not constitute a determination of the rights, duties, privileges, benefits, or legal relationships of a specific person * * *."

R. C. 119.12 provides for an appeal by "any party adversely affected by an order of an agency issued pursuant to an adjudication denying an applicant admission to an examination, or denying the issuance or renewal of a license, registration of a license, or revoking or suspending a license * * *." It provides further for an appeal by "any party adversely affected by any order of an agency issued pursuant to any other adjudication * * *."

To affirm the validity of R. C. 119.11 because it *might* be construed to provide for appeals from quasi-judicial proceedings implies that R. C. 119.12 is redundant and repetitive in doing so.

R. C. 119.11 also provides:

"* * * but no person affected thereby shall be precluded from attacking at any time the reasonableness or legality of any rule in its application to a particular set of facts or circumstances."

As Justice Duncan stated in *Fortner* v. *Thomas, supra* (22 Ohio St. 2d 13), at page 21:

"Using this language, the General Assembly attempts to give an opportunity for a *second* review of a rule as regards a particular set of facts. This provision takes on meaning only if the rule were intended to be reviewed without a particular set of facts in the first instance. By this attempt to grant a review of quasi-legislative matters * * * the constitutional limitation has been offended."

The invalidity of R. C. 119.11, however, does not render prospective relief from the enforcement of an administrative rule impossible. In paragraph one of the syllabus in *Burger Brewing Co.* v. *Liquor Control Comm., supra* (34 Ohio St. 2d 93), this court held:

"An action for a declaratory judgment to determine the validity of an administrative agency regulation may

be entertained by a court, in the exercise of its sound discretion, where the action is within the spirit of the Declaratory Judgment Act, a justiciable controversy exists between adverse parties, and speedy relief is necessary to the preservation of rights which may otherwise be impaired or lost.''

Although initiation of a declaratory judgment action will not automatically stay the effective date of an agency rule, as was the case with an appeal pursuant to R. C. 119.-11, the power to grant injunctive relief exists in the trial court, and should be exercised when essential to prevent irreparable harm to a contesting party.

The judgments of the Court of Appeals, affirming the judgments of the Court of Common Pleas, are affirmed.

*Judgments affirmed.*

O'NEILL, C. J., HERBERT, CORRIGAN, STERN, CELEBREZZE and W. BROWN, JJ., concur.