**THORLEY, n.k.a. Kessler, Appellant,**

v.

**THORLEY, Appellee.**

[Cite as *Thorley v. Thorley* (1991), 77 Ohio App.3d 275.]

Court of Appeals of Ohio,
Huron County.

No. H–90–28.

Decided Sept. 20, 1991.

*K. Alec Thornton,* for appellant.
*Curtis J. Koch,* for appellee.

GLASSER, Judge.

This is an appeal from the judgment of the Huron County Court of Common Pleas filed June 12, 1990, wherein the court held that it did not have jurisdiction to compel payment of marital debts not related to child support.

The appellant, Eunice Kessler, asserted the following sole assignment of error:

"The trial court abused its discretion by not maintaining jurisdiction over non child support issues."

On April 10, 1987, appellant filed a petition for registration of foreign divorce under R.C. 3115.32 in the Huron County Court of Common Pleas stating that appellant and appellee, Joseph W. Thorley, were divorced on June 6, 1983, in Cleveland County, Oklahoma, and seeking such full relief as may be provided by law.[1] A certificate of transcript and copy of the Uniform Reciprocal Enforcement of Support Act ("URESA"), as adopted by Oklahoma, was attached to the petition. The final divorce provided for child support and ordered that the appellee pay the marital debts.

Appellee, on July 17, 1987, filed a motion to vacate and/or reduce child support in the Huron County Court of Common Pleas. On July 22, 1987, appellee filed a motion for contempt against appellant in regard to visitation. Various other motions were filed by both parties, including a motion filed by appellant on September 15, 1989, for an increase in support and to show cause why appellee should not be held in contempt for failure to pay $750 in attorney fees, $800 in alimony, a loan to appellant's parents, a loan to Citizens National Bank of Norwalk, and to commence payments for said debts. A hearing was held on December 27, 1989, before a referee. His subsequent report and recommendations provided in relevant part that appellee shall make arrangements to pay certain marital debts within thirty days after receipt of verification of the amount due. This report and recommendation of the referee was approved and adopted by the trial judge.

On February 26, 1990, appellant filed a motion for contempt alleging appellee's failure to arrange the commencement of payments to creditors as ordered. The hearing was held on this motion on April 2, 1990, with all parties present. The referee, in a report filed April 6, 1990, recommended that appellee be found guilty of contempt. Appellant filed objections to the referee's report and recommendations. In the judgment entry filed June 12, 1990, the trial judge overruled the referee's report in its entirety, finding that the trial court lacked jurisdiction *ab initio* on all matters not related to child support. Appellant initiated this appeal from that judgment.

■ Appellant's sole assignment of error raises the issue of the trial court's jurisdiction to compel payment of marital debts pursuant to a foreign state's

---

1. R.C. 3115.32 does not require the filing of a petition.

divorce decree when the matter is before the court under R.C. 3115.32, providing for the registration of foreign support orders.

Jurisdiction is specifically provided in R.C. 2151.23 which states in relevant part:

"(B) The juvenile court has original jurisdiction under the Revised Code:

" * * *

"(3) Under the uniform reciprocal enforcement of support act in Chapter 3115. of the Revised Code[.]"

Ohio's URESA provisions state that it involves child support and related issues. The purposes of the act are set forth in R.C. 3115.01(A):

"The purposes of sections 3115.01 to 3115.34 of the Revised Code are to improve and extend by reciprocal legislation the enforcement of duties of support."

Further, "duty of support" is defined in R.C. 3115.01(B)(6) as follows:

" 'Duty of support' means any duty of support imposed or imposable by law, or by order, decree, or judgment of any court, whether interlocutory or final, and whether incidental to a proceeding for divorce, legal separation, separate maintenance, or otherwise and includes the duty to pay arrearages of support past due and unpaid."

R.C. 3115.32(G) provides:

"Upon registration the registered foreign support order shall be treated in the same manner as a support order issued by a court of this state. It has the same effect and is subject to the same procedures, defenses, and proceedings for reopening, vacating, or staying as a support order of this state and may be enforced and satisfied in like manner."

Ohio's URESA does not contemplate enforcement of anything more than matters of support, *i.e.*, child support, sustenance alimony, medical expenses or payment of college education. Therefore, the Huron County Court of Common Pleas does not have jurisdiction to compel the appellee to pay marital debts in accordance with the final decree of the foreign court and find him in contempt for failing to do so.

■ Appellant suggests that the appearance of appellee before the Huron County Court of Common Pleas and his utilization of the trial court in regard to various issues confers jurisdiction on that tribunal to compel payment of marital debts. It is well established that parties cannot confer jurisdiction over subject matter by consent or acquiescence. *Monroeville v. Ward* (1969), 21 Ohio App.2d 17, 18, 50 O.O.2d 16, 17, 254 N.E.2d 375, 377, affirmed (1971),

27 Ohio St.2d 179, 56 O.O.2d 110, 271 N.E.2d 757. Accordingly, appellant's sole assignment of error is found not well taken.

On consideration whereof, this court finds that substantial justice has been done the party complaining, and the judgment of the Huron County Court of Common Pleas is affirmed.

*Judgment Affirmed.*

MELVIN L. RESNICK and SHERCK, JJ., concur.