LUKE et al., Appellants,

v.

OHIO DEPARTMENT OF ADMINISTRATIVE SERVICES et al., Appellees.

[Cite as *Luke v. Ohio Dept. of Adm. Serv.* (1994), 99 Ohio App.3d 497.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 94APE07–1026.

Decided Dec. 27, 1994.

498

*Cloppert, Portman, Sauter, Latanick & Foley* and *Robert W. Sauter,* for appellants Daniel Luke et al.

*Lee Fisher,* Attorney General, and *Carla Dowling–Fitzpatrick,* Assistant Attorney General, for appellee Ohio Department of Administrative Services.

*Michael Miller,* Franklin County Prosecuting Attorney, and *Donald Collins,* Assistant Prosecuting Attorney, for appellee Franklin County Sheriff.

CLOSE, Judge.

Appellants bring this appeal from a judgment of the Franklin County Court of Common Pleas, affirming the dismissal of an appeal from the reclassification of their job titles by the State Personnel Board of Review ("SPBR").

The relevant facts are as follows: Prior to September 22, 1991, appellants were employed as prison personnel under the classification "Deputy 2." Effective September 22, 1991, former Sheriff Earl O. Smith, in cooperation with the Department of Administrative Services, reclassified appellants' employment under the heading "Correction Officer." The reclassification was challenged by appellants, who timely appealed to the SPBR.

In 1993, Jim Karnes was elected the new Franklin County Sheriff. To end the dispute over the reclassification, Sheriff Karnes entered into negotiations with the Fraternal Order of Police ("FOP"). As the result of those negotiations, the FOP accepted an agreement captioned "Memorandum of Understanding." Pursuant to that agreement, appellants were restored to the status of Franklin County Sheriff Deputy. That restoration became effective February 8, 1993.

Despite their return to deputy status, appellants maintained their appeal before the SPBR, challenging appellee's authority to impose the initial reclassification. On November 3, 1993, the SPBR Administrative Law Judge issued a report recommending dismissal of the appeal on the grounds that it had been rendered moot by appellants' reclassification as deputies. Specifically, the administrative law judge wrote:

"Further, regardless of whether the FOP was authorized by Appellants to settle these appeals, it appears that the Memorandum of Understanding executed between the FCS and the FOP, Appellants' duly authorized collective bargaining agent, dispositively resolves whatever actual or inchoate prejudice to their property interests Appellants may have suffered."

On December 10, 1993, the SPBR issued an order adopting the report of the referee and dismissing the appeal.

Pursuant to R.C. 124.34, the SPBR's dismissal was timely appealed to the Franklin County Court of Common Pleas, which affirmed in all respects. It is from the final judgment of the common pleas court that appellants now appeal, raising the following assignments of error:

"I. The Franklin County Common Pleas erred in affirming the Order of the State Personnel Board of Review ("SPBR") in dismissing Appellants' appeals from Appellee Ohio Department of Administrative Services' ('ODAS') reassignment of Appellants from their former classification of Deputy 2 (Franklin County only) (02072) to the former classification of Correction Officer (Franklin County only) (02171) effective September 22, 1991 because the SPBR must exercise its jurisdiction to hear these Appeals.

"II. The Franklin County Common Pleas Court erred in affirming the Order of the SPBR finding Appellants' appeals to be moot on the basis of a subsequent collective bargaining settlement between the new incumbent Sheriff and the

Fraternal Order of Police, Capital City Lodge No. 9 ('FOB') because the settlement did not resolve Appellants' proper classification from September 22, 1991 through February 7, 1993."

■ Our review of the instant case focuses on whether the underlying facts present a justiciable case or controversy. For that reason, appellants' assignments of error will be considered and addressed together.

■ A court does not obtain jurisdiction unless an actual case or controversy exists, giving rise to a justiciable cause in which the litigants have standing to assert a claim. A controversy exists when there is a genuine dispute among parties having adverse legal interests of sufficient immediacy and reality. Merely because a dispute exists, it does not rise to the level of a justiciable controversy requiring relief. See *Adams v. Ohio Dept. of Transp.* (Mar. 15, 1994), Franklin App. No. 93APE09–1283, unreported, 1994 WL 85626.

In the instant case, it is significant to note that, during the period of their classification as Correction Officers, appellants continued to be employed without any material changes in their job duties or responsibilities. Further, the record offers no evidence that appellants suffered any detrimental effects in the nature of salary decreases, loss of seniority, or reduction in benefits. Therefore, when appellants were reinstated as deputies, they were placed in exactly the same position they enjoyed before the initial reclassification. For that reason, the common pleas court determined that appellants had suffered no harm to any legally cognizable interest so as to create a justiciable controversy.

While appellants claimed that they were harmed with regard to retirement contributions, the common pleas court found that such issues were properly left to resolution by the appropriate state agency. We agree. To allow otherwise would violate the requirement of an appellant to first exhaust all administrative remedies before seeking action from the courts. See *Rankin–Thoman v. Caldwell* (1975), 42 Ohio St.2d 436, 71 O.O.2d 411, 329 N.E.2d 686. Since any determination by this court concerning retirement contributions could not be dispositive of the matter, we decline to issue an advisory opinion.

While it is true that the same privileges of employment do not attach to Correction Officers as to Deputies, the fact remains that appellants have sustained no justiciable employment action. Based on the instant facts, appellants' return to their desired classification left no issues for resolution, thereby rendering their appeal moot. Accordingly, the common pleas court did not err in finding that the dismissal by the SPBR was supported by reliable, probative, and substantial evidence.

Appellants' assignments of error are overruled, and the judgment of the trial court is affirmed.

*Judgment affirmed.*

STRAUSBAUGH, J., concurs.

WHITESIDE, P.J., dissents.

DEAN STRAUSBAUGH, J., retired, of the Tenth Appellate District, sitting by assignment.

WHITESIDE, Presiding Judge, dissenting.

Since the issues raised by the appeal from the reclassification are not completely moot, I must respectfully dissent. Appellants' positions were reclassified to a lower grade (from Deputy 2 to Correction Officer). They appealed to the State Personnel Board of Review ("SPBR"), which eventually dismissed the appeal as moot because the sheriff had agreed (by an unrelated agreement) to reinstate appellants as Deputy 2. Upon appeal, the common pleas court affirmed. I must respectfully dissent from the majority opinion, which affirms the common pleas court's decision.

Appellants have a right to have the classification of their positions properly classified in accordance with their job duties. See R.C. 124.03 and 124.14. Assuming the appointing authority now agrees that the proper classification is Deputy 2 (rather than Correction Officer), the proper procedure for the SPBR was to make such finding based upon such agreement and to enter an order reversing the reclassification and classifying appellants' positions as Deputy 2. Otherwise, the classification of appellants' positions remain subject to the appointing authority's whim, tempered only by a possible breach of contract claim (or unfair labor practice) by the union.

Accordingly, I would sustain the assignments of error to the extent that the judgment of the court of common pleas is inconsistent herewith and remand the cause with instructions that SPBR be ordered to enter an order finding the proper classification of appellants' positions to be Deputy 2.