OPINION
{¶ 1} Fay S. Omar ("appellant") appeals from the April 6, 2006 judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, Juvenile Branch. That judgment overruled appellant's objections to a magistrate's dismissal of her counterclaim for divorce for lack of jurisdiction. For the following reasons, we affirm.
 {¶ 2} On March 4, 2005, the Franklin County Child Support Enforcement Agency ("FCCSEA") filed in the trial court a petition to establish child support and medical coverage. FCCSEA made the filing at the request of the child support recovery agency for Olmsted County, Minnesota, which received a request for the petition from Ahmed A. Yusuf ("appellee"). By filing the petition, FCCSEA, on appellee's behalf, sought to establish support and medical coverage for the children of appellant and appellee. The trial court issued a citation for appellant to appear.
 {¶ 3} On June 7, 2005, appellant filed a custody affidavit, a health insurance disclosure affidavit, and a counterclaim complaint for divorce. In her counterclaim, appellant stated that she and appellee were married in Kenya in 1996, and they have two children together. She alleged that she and appellee obtained an invalid " `religious divorce' " from Muslim elders in North Carolina. She also alleged that, in 2001, appellee took the children to Minnesota, where he has since lived with the children, and that he has denied visitation to appellant. By her counterclaim, appellant sought a divorce from appellee, custody of the children, a visitation schedule for appellee, child support, spousal support, an equitable division of marital assets and debts, and an award of attorney fees. Appellee did not answer appellant's counterclaim.
 {¶ 4} Following a hearing on September 13, 2005, a magistrate issued a decision recommending dismissal of appellant's counterclaim. In the decision, the magistrate concluded that the trial court had jurisdiction over the support petition, but did not have jurisdiction to grant a divorce.
 {¶ 5} Appellant filed objections to the magistrate's decision. Appellant argued that Ohio law granted to her the ability to raise any defense available, including her entitlement to a divorce and custody of the children. Following a hearing, the trial court issued a decision and entry, which overruled appellant's objections and sustained the magistrate's decision.
 {¶ 6} Appellant timely appealed, and raises the following assignment of error:
 The Division of Domestic Relations and Juvenile Branch of the Franklin County Court of Common Pleas erred when it dismissed for lack of subject matter jurisdiction [appellant's] counterclaim for divorce which she filed in response to a petition for the assessment of child support filed pursuant to the Uniform Interstate Family Support Act.
 {¶ 7} Appellant's assignment of error raises the question of whether the trial court had subject-matter jurisdiction over her counterclaim for divorce. Dismissal for lack of subject-matter jurisdiction presents a question of law, which we review de novo. Althof v. State Bd. ofPsychology, Gallia App. No. 04CA16, 2006-Ohio-502, at ¶ 7; BPExploration Oil, Inc. v. Ohio Dept. of Commerce, Franklin App. No. 04AP-619, 2005-Ohio-1533, at ¶ 7.
 {¶ 8} Appellant's argument focuses primarily on those provisions of Ohio law granting power to the courts of the domestic relations division and the juvenile branch within the courts of common pleas. As appellant asserts, R.C. 2301.03(A) grants to the domestic relations courts:
 * * * [A]ll the powers relating to juvenile courts, and all cases under Chapters 2151. and 2152. of the Revised Code, all parentage proceedings under Chapter 3111. of the Revised Code over which the juvenile court has jurisdiction, and all divorce, dissolution of marriage, legal separation, and annulment cases shall be assigned to them. * * *
 {¶ 9} We find, however, that this grant of authority does not amount to a grant of subject-matter jurisdiction in specific statutory proceedings. We turn, then, to the statutory provisions for the establishment of child support orders upon petition from a jurisdiction outside Ohio.
 {¶ 10} With some exceptions not relevant here, Ohio has adopted the Uniform Interstate Family Support Act ("UIFSA"). See R.C. 3115.01
through 3115.59. Ohio's UIFSA, effective January 1, 1998, replaced Ohio's Uniform Reciprocal Enforcement of Support Act ("URESA"). In general terms, the UIFSA provides for the registration of support orders issued in other states, the establishment of support orders upon petition from support agencies in other states, and the enforcement of out-of-state orders. While the majority of the UIFSA relates to the registration and enforcement of existing support orders, R.C. 3115.31
specifically provides for the issuance of a support order if an individual resides, or a support agency is located, in another state. A "responding tribunal" may issue a support order if it finds, after giving the alleged obligor notice and an opportunity to be heard, that the obligor owes a duty of support.
 {¶ 11} Appellant asserts that, by requesting the Olmsted County, Minnesota child support enforcement agency to petition the state of Ohio for a support order under the UIFSA, appellee has granted to the courts of Ohio personal jurisdiction over him, at least as that jurisdiction relates to appellant's counterclaim. However, R.C. 3115.25(A) expressly provides:
 Participation by a plaintiff in a proceeding before a responding tribunal pursuant to sections 3115.01 to 3115.59 of the Revised Code, whether in person, by private attorney, or through services provided by the support enforcement agency, does not confer personal jurisdiction over the plaintiff in another proceeding.
 {¶ 12} The purpose of Ohio's URESA, the Ohio Supreme Court found, was "to `improve and extend by reciprocal legislation the enforcement of duties of support' across state lines. * * * More specifically, R.C.3115.29 [now R.C. 3115.25] strictly limits to matters of support the court's subject matter jurisdiction" in an action under the Act. In reByard (1996), 74 Ohio St.3d 294, 296. See, also, San Diego v.Elavsky (1979), 58 Ohio St.2d 81, 84 ("[i]n interpreting these statutes, it is important to remember that a proceeding under [the URESA] is a separate, independent action to enforce support obligations");Shanyfelt v. Shanyfelt (1997), 118 Ohio App.3d 243, 248, citing In reByard (finding that "[t]he statutory scheme of URESA confers subject matter jurisdiction over the sole issues of paternity and support");Redden v. Fraley (May 6, 1993), Scioto App. No. 2066 (noting that former R.C. 3115.29, now R.C. 3115.25, "provides that participation in URESA actions does not confer jurisdiction over any of the parties for any other proceedings").
 {¶ 13} Interpreting the URESA, the Ohio Supreme Court found:
 No provision in Ohio's URESA grants the court subject matter jurisdiction over a disputed matter other than paternity and child support. In an action involving disputed child support that was initiated pursuant to URESA, the court has no subject matter jurisdiction to consider visitation and custody matters. * * *
In re Byard at 296. Accord Shanyfelt at 248, citing In re Byard
("[r]elated matters such as visitation and custody are not within a court's purview"); Redden (noting that URESA "concerns the enforcement of child support, not the enforcement of child visitation").
 {¶ 14} In Thorley v. Thorley (1991), 77 Ohio App.3d 275, 277, the Sixth District Court of Appeals similarly held:
 Ohio's URESA does not contemplate enforcement of anything more than matters of support, i.e., child support, sustenance alimony, medical expenses or payment of college education. Therefore, the Huron County Court of Common Pleas does not have jurisdiction to compel the appellee to pay marital debts in accordance with the final decree of the foreign court and find him in contempt for failing to do so.
 {¶ 15} While the Act's purpose is no longer explicit, the UIFSA similarly manifests the Ohio legislature's intent to provide a practical and efficient method for enforcing or establishing interstate support obligations. Despite appellant's reliance on the reference in R.C.3115.16(B)(12) to "any other available remedy[,]" no provision in the UIFSA contemplates a court's consideration of matters of divorce, including the division and distribution of marital assets and debts, visitation or custody. Rather, like many Ohio courts observed with respect to the URESA, we conclude that the UIFSA limits the court's subject-matter jurisdiction to matters of paternity and support. To hold otherwise would conflict with Ohio precedent concerning URESA, the express limitation on jurisdiction, and the efficient establishment and enforcement of support orders. Thus, we reject appellant's arguments that her counterclaim for divorce was properly before the trial court in the UIFSA proceeding below.
 {¶ 16} We note, however, that our conclusion regarding her counterclaim does not preclude appellant from filing a separate action for divorce or custody. As R.C. 3115.02 states, the remedies under the UIFSA "are in addition to, not in substitution for, any other remedies."
 {¶ 17} For these reasons, we conclude that the trial court lacked subject-matter jurisdiction over appellant's counterclaim for divorce, and we overrule appellant's assignment of error. Having overruled her only assignment of error, we affirm the judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, Juvenile Branch.
Judgment affirmed.
PETREE and BROWN, JJ., concur.