OPINION
{¶ 1} In this consolidated appeal, plaintiff-appellant, Camper Care, Inc. ("appellant"), from the judgments of the Franklin County Court of Common Pleas that dismissed appellant's administrative appeals.
 {¶ 2} On August 24, 2004, a hearing examiner for the Motor Vehicle Dealers Board ("Board") issued a report that recommended appellant's protest against defendant-appellee, Forest River, Inc. ("appellee"), be dismissed. The Board adopted that recommendation on September 29, 2006. *Page 2 
 {¶ 3} In the interim between those two events, on September 8, 2006, appellant filed a notice of appeal, stating that it was appealing the hearing examiner's report issued August 24, 2006; this case was assigned No. 06CVF-09-11765 ("first appeal"). On November 9, 2006, appellant filed another notice of appeal ("second appeal"), indicating that it was appealing the Board's order of September 29, 2006. Appellant's second appeal, which was assigned case No. 06CVF-11-14748, contained a request that it be consolidated with the first appeal.
 {¶ 4} Appellee filed motions to dismiss in each case on the ground that the trial court lacked subject-matter jurisdiction. These motions were granted and the cases were dismissed by the trial courts on the basis that appellant failed to comply with the requirements of R.C. 119.12. Appellant appeals the judgments, asserting the following two assignments of error:
 Assignment of Error No. 1
 The common pleas court erred in granting Forest River's motion to dismiss Camper Care's administrative appeal for lack of subject matter jurisdiction.
 Assignment of Error No. 2
 The common pleas court erred in failing to consolidate Case Numbers 06CV011765 and 06CV014748 for purposes of appeal.
 {¶ 5} We will address these assignments of error together as they are interrelated. In its first assignment of error, appellant concedes that the first appeal was premature, but argues that App. R. 4(C) is applicable to administrative appeals, and, therefore, its "notice of appeal should have been deemed filed immediately after the September 29, 2006, determination by the [Board]." (Appellant's brief, at 9.) By its *Page 3 
second assignment of error, appellant contends that both appeals should have been consolidated, and the failure to do so was error.
 {¶ 6} Subject-matter jurisdiction is the power conferred on a court to decide a particular matter on its merits and render an enforceable judgment over the action. Morrison v. Steiner (1972), 32 Ohio St.2d 86, paragraph one of the syllabus. The question of subject-matter jurisdiction is a question of law we review de novo. Yusuf v. Omar, Franklin App. No. 06AP-416, 2006-Ohio-6657, at ¶ 7.
 {¶ 7} Statutory terms govern appeals from administrative agencies. R.C. 119.12 provides, in pertinent part:
 Any party desiring to appeal shall file a notice of appeal with the agency setting forth the order appealed from and the grounds of the party's appeal. A copy of the notice of appeal shall also be filed by the appellant with the court. Unless otherwise provided by law relating to a particular agency, notices of appeal shall be filed within fifteen days after the mailing of the notice of the agency's order as provided in this section. * * *
"[T]o constitute an `adjudication' for purposes of R.C. 119.12, a determination must be (1) that of the highest or ultimate authority of an agency which (2) determines the rights, privileges, benefits, or other legal relationships of a person. Both elements are required."Russell v. Harrison Twp. (1991), 75 Ohio App.3d 643, 648.
 {¶ 8} Where a statute confers the right of appeal, an appeal may be perfected only in the manner prescribed by statute. Village of Hills Dales v. Ohio Dept. of Edn., Franklin App. No. 06AP-1249,2007-Ohio-5156, at ¶ 19, citing CHS-Windsor, Inc. v. Ohio Dept. of Job Family Servs., Franklin App. No. 05AP-909, 2006-Ohio-2446, at ¶ 6, citing Zier v. Bur. of Unemployment Comp. (1949), 151 Ohio St. 123, at paragraph one of the *Page 4 
syllabus. Ohio courts have consistently held that "a party adversely affected by an agency decision must * * * strictly comply with R.C. 119.12 in order to perfect an appeal." Hughes v. Ohio Dept. ofCommerce, 114 Ohio St.3d 47, 52, 2007-Ohio-2877, at ¶ 17.
 {¶ 9} In this case, appellant has failed to comply with several of the filing requirements imposed by R.C. 119.12 and cases construing the same. To begin, we find App. R. 4(C) is inapplicable. R.C. 119.12, and not the appellate rules of procedure, governs the manner in which an administrative appeal may be perfected. App. R. 1(A) provides that the appellate rules of procedure "govern procedure in appeals to courts of appeals from the trial courts of record in Ohio." And, here, the underlying matter involved an administrative appeal and not an appeal from a trial court to a court of appeals. Thus, App. R. 4(C) has no application. See, e.g., Baker v. Lucas Cty. Dept. of Job FamilyServs., Lucas App. No. L-04-1220, 2005-Ohio-1028, at ¶ 8 ("Appellant argues that he complied with App. R. 4[A]; however, we find App. R. 4[A] is inapplicable to appellant's appeal in the common pleas court. Appellant's administrative appeal is actually governed by R.C. 5101.35, and applicable administrative rules, and by R.C. 119.12, with which appellant failed to comply."); Lee v. Harco Brake Sys. (Apr. 7, 2000), Montgomery App. No. 17803 (held that App. R. 3[A] and App. R. 4[A] have no application in an administrative appeal).
 {¶ 10} To that end, we find appellant's reliance upon In re Namey
(1995), 103 Ohio App.3d 322, is misplaced. In that case, we explained that the appellate rules of procedure could have applicability in an administrative appeals "only if R.C. 119.12 fails to address" the issue for which the appellate rule is being evoked. Id. at 374. (Emphasis sic.) As stated previously, R.C. 119.12 sets forth very specific requirements for an *Page 5 
administrative appeal, and an application of App. R. 4(C) in this case would lead to a result that runs afoul of those requirements.
 {¶ 11} Even if App. R. 4(C) was applicable, appellant has still failed to comply with R.C. 119.12 in that neither notice of appeal indicates any reason or basis for the appeal. Such error is fatal to invoking the jurisdiction of the common pleas court. See, e.g., Berus v. Ohio Dept.of Adm. Servs., Franklin App. No. 04AP-1196, 2005-Ohio-3384; Stultz v.Ohio Dept. of Adm. Servs., Franklin App. No. 04AP-602, 2005-Ohio-200.
 {¶ 12} In the final analysis, appellant's first appeal is of little or no significance; had appellant filed a notice of appeal with the common pleas court, which complied with R.C. 119.12's filing requirements, within 15 days of the Board's order (i.e, within 15 days from September 29, 2006), the common pleas court would have had jurisdiction. That, however, was not done.
 {¶ 13} For the foregoing reasons, appellant's first and second assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgments affirmed.
 BROWN and FRENCH, JJ., concur. *Page 1