TURNER, Appellant,

v.

OHIO DEPARTMENT OF REHABILITATION AND CORRECTION, Appellee.

[Cite as *Turner v. Ohio Dept. of Rehab. & Corr.*, 180 Ohio App.3d 86, 2008-Ohio-6608.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 08AP–568.

Decided Dec. 16, 2008.

**88**

Harry C. Turner III, pro se.

Nancy H. Rogers, Attorney General, and Timothy M. Miller, Assistant Attorney General, for appellee.

TYACK, J.

{¶ 1} Harry C. Turner III was an employee of the Ohio Department of Rehabilitation and Correction ("ODRC") when he went on active duty with the United States Navy. Following his return from active duty, he returned to employment with ODRC. Since his return to state employment, he has filed numerous appeals with the State Personnel Board of Review ("SPBR"). This appeal alleged that his rights under the Uniformed Services Employment and Reemployment Rights Act of 1994, Section 4301 et seq., Title 38, U.S.Code ("USERRA") were not honored.

{¶ 2} The SPBR dismissed this appeal for lack of subject matter jurisdiction. Turner then appealed the dismissal to the Franklin County Court of Common Pleas. The common pleas court affirmed the action of SPBR. Turner has initiated an appeal as of right to the Tenth District Court of Appeals, assigning these errors for our consideration:

Assignment of Error No. 1: The trial court erred to the detriment of Appellant by determining that the State Personnel Board of Review did not have subject-matter jurisdiction to hear a civil service appeal based upon violations of R.C. Chapter 124 that are "inextricably intertwined" with alleged fraud and violations of the Uniformed Services Employment and Reemployment Rights Act of 1994 ("USERRA") and therefore further erred by not ordering the State Personnel Board of Review to conduct an evidentiary hearing to determine if Appellant's appointment to the position of Administrative Assistant 2, transfer to the Ohio State Penitentiary, and reassignment were, in fact, proper pursuant to multiple provisions of R.C. Chapter 124.

Assignment of Error No. 2: The trial court abused its discretion by failing to consider evidence in favor of Appellant, i.e., that the appointing authority had not appointed, transferred, and reassigned him properly in accordance with state law and by failing to consider that the onus was solely upon Appellee to show by reliable, probative and substantial evidence that the action to appoint, transfer, and reassign Appellant was in accordance with law.

Assignment of Error No. 3: The trial court erred to the detriment of Appellant by determining that the State Personnel Board of Review does not have subject-matter jurisdiction to hear violations of USERRA, or alternatively, by not conducting its own evidentiary review as a means of determining if, in fact, Appellant suffered as the result of a violation of USERRA.

{¶ 3} The issue for purposes of the first assignment of error is whether or not the SPBR has jurisdiction to entertain claims under the USERRA.

{¶ 4} SPBR was created by state statute and has only those powers granted to it by the Ohio Revised Code. R.C. 124.03(A) sets forth the limits of SPBR's powers when it states:

The state personnel board of review shall exercise the following powers and perform the following duties:

(1) Hear appeals, as provided by law, of employees in the classified state service from final decisions of appointing authorities or the director of administrative services relative to reduction in pay or position, job abolishment, layoff, suspension, discharge, assignment or reassignment to a new or different position classification, or refusal of the director, or anybody authorized to perform the director's functions, to reassign an employee to another classification or to reclassify the employee's position with or without a job audit under division (D) of section 124.14 of the Revised Code. As used in this division, "discharge" includes disability separations.

The board may affirm, disaffirm, or modify the decisions of the appointing authorities or the director, as the case may be, and its decision is final.

{¶ 5} As noted above, R.C. 124.03(A) addresses changes in the job status of Ohio employees. There is no language in R.C. 124.03(A) that addresses the right to bring an appeal before SPBR for an alleged violation of the USERRA. The former R.C. 124.29 does not contain any such language either.

{¶ 6} Turner is not without a remedy. Turner has had a right to sue the state of Ohio in the Ohio Court of Claims on a theory that the USERRA was violated. During the pendency of this action, the General Assembly enacted R.C. 5903.02(C), which specifies, "A person who seeks reinstatement or reemployment rights with the state, pursuant to this section, may bring an action in the court of claims pursuant to this section or section 4323 of the 'Uniformed Services Employment and Reemployment Rights Act of 1994.'" Thus, the Court of Claims of Ohio is the proper forum for a state employee with a USERRA claim. The SPBR and the common pleas court correctly found no jurisdiction in the SPBR to address a USERRA claim.

{¶ 7} As a result of the foregoing, the first assignment of error is overruled.

{¶ 8} In his second assignment of error, Turner raises two issues. First, Turner claims that the trial court failed to consider evidence in his favor. Second, he contends that the court of common pleas failed to recognize that the burden of proof is on the agency.

{¶ 9} Subject matter jurisdiction is the power of a tribunal to hear and decide cases upon their merits. *Morrison v. Steiner* (1972), 32 Ohio St.2d 86, 61 O.O.2d 335, 290 N.E.2d 841, paragraph one of the syllabus. "It is a condition precedent to the court's ability to hear the case; if a court acts without jurisdiction, then any proclamation by that court is void." *Ohio Director of Transp. v. Eastlake Land Dev. Co.,* 177 Ohio App.3d 379, 2008-Ohio-3013, 894 N.E.2d 1255, at ¶ 19, citing *Patton v. Diemer* (1988), 35 Ohio St.3d 68, 518 N.E.2d 941. It is axiomatic that a tribunal must have subject matter jurisdiction before it can consider the merits of a controversy. *Vogler v. Donley* (Dec. 16, 1998), Belmont App. No. 97 BA 63, 1998 WL 896466. The court can hear evidence to determine the existence of subject matter jurisdiction without deciding the case on its merits. Id. Nevertheless, the question of subject matter jurisdiction is a question of law we review de novo. *Camper Care, Inc. v. Forest River, Inc.* Franklin App. No. 08AP–146, 2008-Ohio-3300, 2008 WL 2588616, at ¶ 6. Whether there is subject matter jurisdiction is a threshold question that will prevent a court from reaching the underlying issues in a case. *Rinehart v. Bank One, Columbus, N.A.* (1998), 125 Ohio App.3d 719, 727, 709 N.E.2d 559.

{¶ 10} Here, it is undisputed that Turner is alleging a violation of the USERRA. As discussed in connection with assignment of error one, there is a lack of subject matter jurisdiction. Having so found, the second assignment of error must be overruled as moot.

{¶ 11} In his third assignment of error, Turner essentially restates the arguments he made in connection with assignments of error one and two. Accordingly, assignment of error three is overruled.

{¶ 12} All three assignments of error having been overruled, the judgment of the Franklin County Court of Common Pleas is affirmed.

Judgment affirmed.

McGRATH, P.J., and SADLER, J., concur.