[Cite as *Hodkinson v. Ohio State Racing Comm.*, 2017-Ohio-7494.]

## IN THE COURT OF APPEALS OF OHIO

## TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Ned Hodkinson, | : | |
| Appellant-Appellant, | : | No. 17AP-33 |
| | | (C.P.C. No. 16CV-9590) |
| v. | : | |
| | | (REGULAR CALENDAR) |
| Ohio State Racing Commission, | : | |
| Appellee-Appellee. | : | |

### D E C I S I O N

### Rendered on September 7, 2017

**On brief:** *Graff & McGovern, LPA*, and *John A. Izzo*, for appellant. **Argued:** *John A. Izzo.*

**On brief:** *Michael DeWine*, Attorney General*,* and *Charles E. Febus*, for appellee. **Argued:** *Charles E. Febus.*

APPEAL from the Franklin County Court of Common Pleas

LUPER SCHUSTER, J.

{¶ 1} Appellant, Ned Hodkinson, appeals from a judgment of the Franklin County Court of Common Pleas dismissing his administrative appeal from an October 6, 2016 letter indicating that appellee, the Ohio State Racing Commission ("commission"), would not review his challenge to the racetrack judges' inaction against another harness racing driver for alleged interference during a particular horserace. For the following reasons, we affirm.

### I. Facts and Procedural History

{¶ 2} On July 29, 2016, Hodkinson was the trainer and harness racing driver of a horse, Grubich Girl, which finished eighth (last) in the seventh race at Scioto Downs racetrack. Hodkinson alleges that the driver of another horse improperly interfered with

him and Grubich Girl causing him to slow the horse down and lose ground on the rest of the field.  The racetrack judges took no action against any licensee involved with the seventh race, and Hodkinson did not immediately object to the judges regarding any alleged misconduct at the racetrack.  A few days after the race, Hodkinson submitted an "appeal form" with the commission.  (Aug. 2, 2016 Commission Appeal Form.)  That form indicated Hodkinson was appealing from a "decision" of the presiding judge at Scioto Downs regarding the seventh race on July 29, 2016.  Hodkinson identified the "decision" being appealed as:  "No call for interference on 2 separate occasions in race."  On the form, Hodkinson indicated his disagreement "with the Official's Ruling" and his desire to have the matter heard before a commission hearing officer.  The next day, August 3, 2016, the commission sent a letter to Hodkinson indicating its receipt of his appeal and the scheduling of a hearing regarding the matter before a hearing officer.

{¶ 3}   On August 8, 2016, counsel for Hodkinson requested a continuance of the hearing, which the hearing officer granted.  The commission subsequently requested that the hearing officer dismiss Hodkinson's appeal due to the absence of a reviewable issue.  In opposition, Hodkinson argued that the commission had jurisdiction over his appeal, and he requested an additional continuance until a decision was reached on the motion to dismiss.

{¶ 4}   On October 6, 2016, the hearing officer denied Hodkinson's second request for a continuance, indicating that she would make a recommendation regarding the motion to dismiss following the hearing scheduled for late October 2016.  On the same day, the director of licensing for the commission sent a letter to Hodkinson informing him that the scheduled hearing was cancelled and would not be rescheduled.  The letter states, "Pursuant to Chapter 119 of the Ohio Revised Code and R.C. 3769 and the applicable rules of racing, the Commission does not have the legal authority to entertain your 'appeal.'  In this instance, there was no ruling taken against your license or any other licensee.  As a result, you are not entitled to a hearing.  Therefore, the Commission considers the matter closed."  (Oct. 6, 2016 Commission Letter.)

{¶ 5}   Hodkinson appealed to the trial court from the October 6, 2016 letter.  The commission moved to dismiss, arguing that the trial court lacked subject-matter jurisdiction over the appeal.  The trial court granted the commission's motion to dismiss

based on its conclusion that it lacked jurisdiction over the appeal because the October 6, 2016 letter was not an adjudication and it was not a determination of the highest or ultimate authority of the commission.

{¶ 6}   Hodkinson timely appeals.

## II.  Assignments of Error

{¶ 7}   Hodkinson assigns the following errors for our review:

> [1.] The common pleas court abused its discretion when it dismissed Mr. Hodkinson's administrative appeal.
>
> [2.] The common pleas court abused its discretion when it decided there was no authority holding that a racing judge's failure to make a call during a race is a basis for an administrative appeal.

## III.  Discussion

{¶ 8}   Hodkinson's first assignment of error asserts the trial court erred in dismissing his administrative appeal.  This assignment of error presents the issue of whether the trial court properly determined it lacked subject-matter jurisdiction to review the October 6, 2016 letter informing Hodkinson that the commission would not consider his challenge to the racetrack judges' "decision" not to call interference against another driver during the race at issue.

### A.  Subject-matter Jurisdiction

{¶ 9}   Subject-matter jurisdiction is a court's power to hear and decide a particular class of cases and is therefore a threshold issue.  *Bank of Am., N.A. v. Kuchta*, 141 Ohio St.3d 75, 2014-Ohio-4275, ¶ 19; *see Turner v. Ohio Dept. of Rehab. & Corr.*, 180 Ohio App.3d 86, 2008-Ohio-6608, ¶ 9 (10th Dist.) ("Whether there is subject matter jurisdiction is a threshold question that will prevent a court from reaching the underlying issues in a case.").  Our review of a trial court's subject-matter jurisdiction is de novo. *Great Lakes Courier Serv., LLC v. State Unemp. Comp. Rev. Comm.*, 10th Dist. No. 16AP-2, 2016-Ohio-3143, ¶ 6.

{¶ 10} A court of common pleas has the power to review proceedings of administrative officers and agencies only to the extent granted by law.  Ohio Constitution, Article VI, Section 4(B).  This constitutional authorization "contemplates quasi-judicial

proceedings only." *Rankin-Thoman, Inc. v. Caldwell*, 42 Ohio St.2d 436, 438 (1975). Thus, a court of common pleas lacks jurisdiction to review an action of an administrative agency unless R.C. 119.12 or another statute grants that authority. *Total Office Prods. v. Dept. of Adm. Servs.*, 10th Dist. No. 05AP-955, 2006-Ohio-3313, ¶ 12. Here, Hodkinson asserts that R.C. 119.12 authorized his appeal from the October 6, 2016 letter informing him that the commission would not consider his challenge to the interference "no call." We disagree.

### B. Common Pleas Court Jurisdiction Under R.C. 119.12

{¶ 11} Pursuant to 119.12, a "party adversely affected" by an administrative agency order "issued pursuant to an adjudication" may appeal to the common pleas court. R.C. 119.01(D) defines "adjudication" as "the determination by the highest or ultimate authority of an agency of the rights, duties, privileges, benefits, or legal relationships of a specified person, but does not include the issuance of a license in response to an application with respect to which no question is raised, nor other acts of a ministerial nature." This definition of adjudication meets the implicit "quasi-judicial proceeding" requirement of the Ohio Constitution. *Benevolent Emps. of the Hamilton Cty. Sheriff v. State Emp. Relations Bd.*, 10th Dist. No. 12AP-377, 2012-Ohio-5905, ¶ 22. However, a proceeding does not qualify as quasi-judicial where there is no requirement for notice, hearing, and an opportunity for the introduction of evidence. *M.J. Kelley Co. v. Cleveland*, 32 Ohio St.2d 150 (1972), paragraph two of the syllabus. Furthermore, the Supreme Court of Ohio has defined a "ministerial act" as "an act which a person performs in a given state of facts, in a prescribed manner, in obedience to the mandate of legal authority, without regard to or the exercise of his own judgment upon the propriety of the act being done." (Citations omitted.) *Ohio Boys Town, Inc. v. Brown*, 69 Ohio St.2d 1, 4 (1982).

### C. Powers of the Commission

{¶ 12} The commission, which consists of five members appointed by the governor, is vested with broad regulatory authority over horse racing. R.C. 3769.02; R.C. 3769.03. Pursuant to R.C. 3769.03, the commission "shall prescribe the rules and conditions under which horse racing may be conducted." To this end, the commission "may issue, deny, suspend, or revoke licenses to those persons engaged in racing and to

those employees of permit holders as is in the public interest for the purpose of maintaining a proper control over horse-racing meetings." R.C. 3769.03. Additionally, "[a]ny violation of this chapter, of any rule of racing adopted by the commission, or of any law or rule with respect to racing in any jurisdiction shall be sufficient reason for a refusal to issue a license, or a suspension or revocation of any license issued, pursuant to this section." R.C. 3769.03.

{¶ 13} The rules regarding harness racing provide for the presence of three judges at the racetrack—a presiding judge and two associate judges. *See* Ohio Adm.Code 3769-14-25; Ohio Adm.Code 3769-14-26. The duties of these judges are set forth in Ohio Adm.Code 3769-14-41(A), which include investigating "any apparent or possible interference * * * whether or not a complaint has been made by the driver." If a licensee violates the rules of racing, these judges may fine, suspend, or refer that licensee to the commission for further action. Ohio Adm.Code 3769-14-29(A). Pursuant to Ohio Adm.Code 3769-17-41(A), "[a]ny licensee fined, suspended, expelled or otherwise aggrieved by any judges' ruling in the application of the rules of racing may appeal to the commission for a review of the decision." An appeal from a judges' ruling must be in writing "and must be filed with the presiding judge within forty-eight hours after notification of the ruling." Ohio Adm.Code 3769-17-41(A). "On appeal or on its own motion, the commission shall have the power to reverse, vacate or modify in any manner any order of the judges." Ohio Adm.Code 3769-14-29(B).

## D. Analysis

{¶ 14} As set forth above, Hodkinson alleges another driver improperly interfered with him and his horse during a race at Scioto Downs racetrack. The racetrack judges did not take any action against the other driver. Hodkinson sought to appeal that inaction, or interference "no call," and the October 6, 2016 letter from the commission's director of licensing informed Hodkinson that the commission would not entertain his appeal and "consider[ed] the matter closed."

{¶ 15} We find that the trial court correctly determined there was no "adjudication" for the purpose of R.C. 119.12. The decision reflected in the October 6, 2016 letter from the commission's director of licensing, indicating that the commission would not hold an adjudicatory hearing regarding Hodkinson's challenge to the racetrack

judges' inaction, was a threshold administrative determination concerning the commission's legal authority to consider and review that challenge. Based on that preliminary determination, the previously scheduled hearing was cancelled, and the matter was considered closed. Thus, the matter did not proceed forward to an adjudication on the merits before the commission. *See Earl v. Ohio Elections Comm.*, 10th Dist. No. 16AP-161, 2016-Ohio-7071, ¶ 29 (the "purpose of a preliminary review determination" regarding whether probable cause exists to move forward with a complaint filed with the Ohio Elections Commission "is considered an executive, rather than an adjudicative function"). Because Hodkinson did not appeal from an adjudication, the trial court did not err in dismissing Hodkinson's administrative appeal for lack of subject-matter jurisdiction. Accordingly, we overrule Hodkinson's first assignment of error.

{¶ 16} In his second assignment of error, Hodkinson asserts the trial court erred in finding no authority holding that the racetrack judges' failure to find a violation during a horserace can be the basis for an administrative appeal. Hodkinson argues the commission had the authority to hear his challenge. Because the trial court lacked subject-matter jurisdiction to consider the merits of Hodkinson's appeal, this assignment of error is moot.

## IV. Disposition

{¶ 17} Having overruled Hodkinson's first assignment of error, rendering moot his second assignment of error, we affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

BROWN and DORRIAN, JJ., concur.

———————————