[Cite as *Home Health Accessibility, L.L.C. v. Dept. of Medicaid*, 2019-Ohio-487.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Home Health Accessibility, LLC, | : | |
| Appellant-Appellant, | : | No. 18AP-488 |
| | | (C.P.C. No. 18CV-2489) |
| v. | : | |
| | | (REGULAR CALENDAR) |
| Ohio Department of Medicaid, | : | |
| Appellee-Appellee. | : | |

D E C I S I O N

Rendered on February 12, 2019

**On brief:** *Ronald L. Cappellazzo*, for appellant.

**On brief:** [*Dave Yost*], Attorney General, and *Amy R. Goldstein*, for appellee. **Argued:** *Amy R. Goldstein.*

APPEAL from the Franklin County Court of Common Pleas

LUPER SCHUSTER, J.

{¶ 1} Appellant, Home Health Accessibility, LLC ("HHA"), appeals from a judgment of the Franklin County Court of Common Pleas denying its motion to permit late filing or delayed appeal and dismissing its appeal. For the following reasons, we affirm.

## I. Facts and Procedural History

{¶ 2} On February 21, 2018, appellee, Ohio Department of Medicaid ("ODM"), issued a final adjudication order terminating HHA's Ohio Medicaid Provider Agreement. This order was delivered to the post office for mailing on February 23, 2018. On March 8, 2018, HHA submitted a notice of appeal for electronic filing with the trial court's clerk of court. The notice of appeal indicated HHA sought to appeal the termination adjudication, but it did not identify an appellee. The next day, the clerk of court notified HHA that the submission was not accepted for filing, and it advised HHA to "resubmit with the parties

and addresses" identified on the notice of appeal. (Mar. 9, 2018 Non-Acceptance Notice.) On March 21, 2018, HHA filed a revised notice of appeal, naming ODM as the appellee. Then, on March 26, 2018, HHA filed a motion to permit late filing or delayed appeal. HHA asserted that its March 8, 2018 notice of appeal was timely filed and "proper in jurisdiction, venue, and subject matter." (Mar. 26, 2018 Mot. at 3.) HHA also requested that the March 21, 2018 notice of appeal relate back and be deemed to have been filed on March 8, 2018. On May 21, 2018, the trial court denied HHA's motion and dismissed its appeal.

{¶ 3} HHA timely appeals.

## II. Assignments of Error

{¶ 4} HHA assigns the following errors for our review:

[1.] The trial court erred in denying Appellants initial Notice of Appeal dated March 8, 2018 as well as the Motion to File a Late or Delayed Notice of Appeal.

[2.] The trial court erred in failing to relate the filing of the late appeal to the original filing of the Notice of Appeal filed on March 8, 2018.

[3.] The refusal of the Clerk of Courts of Franklin County to accept timely Notice of Appeal filed by HHA on March 8, 2018 was an unconstitutional display of power and usurped the authority of the Clerk of Courts thereby depriving the Trial Judge from implementing the rule of law.

## III. Discussion

{¶ 5} HHA's first and second assignments of error allege the trial court erred in not finding that its March 8, 2018 submission complied with R.C. 119.12, thereby invoking the jurisdiction of the trial court, and in denying its March 26, 2018 request to file a late or delayed notice of appeal. These assignments of error lack merit.

{¶ 6} Subject-matter jurisdiction is a court's power to hear and decide a particular class of cases and is therefore a threshold issue. *Bank of Am., N.A. v. Kuchta*, 141 Ohio St.3d 75, 2014-Ohio-4275, ¶ 19; *see Turner v. Ohio Dept. of Rehab. & Corr.*, 180 Ohio App.3d 86, 2008-Ohio-6608, ¶ 9 (10th Dist.) ("Whether there is subject matter jurisdiction is a threshold question that will prevent a court from reaching the underlying issues in a case."). Our review of a trial court's subject-matter jurisdiction is de novo. *Great Lakes*

*Courier Serv., LLC v. State Unemp. Comp. Rev. Comm.*, 10th Dist. No. 16AP-2, 2016-Ohio-3143, ¶ 6.

{¶ 7} A court of common pleas has the power to review proceedings of administrative officers and agencies only to the extent granted by law. Ohio Constitution, Article IV, Section 4(B). This constitutional authorization "contemplates quasi-judicial proceedings only." *Rankin-Thoman, Inc. v. Caldwell*, 42 Ohio St.2d 436, 438 (1975). Thus, a court of common pleas lacks jurisdiction to review an action of an administrative agency unless R.C. 119.12 or another statute grants that authority. *Total Office Prods. v. Dept. of Adm. Servs.*, 10th Dist. No. 05AP-955, 2006-Ohio-3313, ¶ 12. As pertinent here, R.C. 5164.38 permits an "adversely affected" party to appeal to the Franklin County Court of Common Pleas "in accordance with" R.C. 119.12 from an adjudication order terminating a Medicaid provider's provider agreement. R.C. 5164.38(C) and (D).

{¶ 8} R.C. 119.12 provides, in pertinent part, that "[u]nless otherwise provided by law relating to a particular agency, notices of appeal shall be filed within fifteen days after the mailing of the notice of the agency's order as provided in this section." The failure to timely file a notice of appeal pursuant to this statute will result in dismissal of the appeal because the trial court lacks jurisdiction. *Austin v. Ohio FAIR Plan Underwriting Assn.*, 10th Dist. No. 10AP-895, 2011-Ohio-2050, ¶ 6; *see CHS-Windsor, Inc. v. Ohio Dept. of Job & Family Servs.*, 10th Dist. No. 05AP-909, 2006-Ohio-2446, ¶ 6 ("Parties must strictly adhere to the filing requirements in order to perfect an appeal and invoke the jurisdiction of the court of common pleas."). Necessarily implicit in a party's right to appeal an agency decision is the requirement that the appealing party name the proper appellee in the notice of appeal. *Kingsley v. Ohio State Personnel Bd. of Rev.*, 10th Dist. No. 10AP-875, 2011-Ohio-2227, ¶ 31. The failure to name the proper appellee "destroys subject-matter jurisdiction." *Id.* at ¶ 29. Further, although a party appealing under R.C. 119.12 may amend its notice of appeal, any amendment must occur within the 15-day period following the mailing of the agency's adjudication order. *Id.* at ¶ 12.

{¶ 9} According to HHA, its March 8, 2018 submission complied with all applicable requirements to invoke the jurisdiction of the trial court and the clerk of court should have accepted this submission. However, no appellee was identified in the notice of appeal HHA submitted with the clerk of court on March 8, 2018. Thus, pursuant to

*Kingsley*, the notice of appeal was facially deficient and did not invoke the jurisdiction of the trial court. And because of this deficiency, the clerk of court did not accept the submission for filing. The clerk's office advised HHA of the issue on March 9, 2018, three days before the deadline for HHA to timely file a notice of appeal. HHA takes issue with the clerk not accepting its March 8, 2018 submission for filing. But even if the clerk had accepted HHA's March 8, 2018 submission for filing, the appeal would have been dismissed for lack of jurisdiction.

{¶ 10} HHA also argues the trial court erred in not granting its request to find that the effective date of its March 21, 2018 notice of appeal, identifying ODM as the appellee, relates back to March 8, 2018. Despite being notified of the deficiency in HHA's March 8, 2018 submission, HHA took no further action in this matter until March 21, 2018, when it filed a new notice of appeal identifying ODM as the appellee in its appeal. The March 21, 2018 notice of appeal was untimely because it was not filed within 15 days of the mailing of ODM's order, and thus it did not independently invoke the trial court's jurisdiction over HHA's appeal. In view of this untimeliness, HHA requested the trial court deem the March 21, 2018 notice of appeal to have been filed on March 8, 2018. According to HHA, the trial court should have found that the effective date of its March 21, 2018 notice of appeal relates back to March 8, 2018, the date the clerk of court rejected its defective notice of appeal. In effect, HHA requested that the March 8, 2018 submission be treated as having been filed with the court on that date, that it be permitted to amend that submission with the March 21, 2018 filing, and that the amendment relate back to March 8, 2018. The trial court properly denied these requests. Even if HHA's March 8, 2018 submission had been accepted for filing by the clerk of court and could have been amended, HHA did not seek to amend the notice of appeal until after the conclusion of the 15-day period following the mailing of ODM's order. Thus, HHA's attempt to amend its notice of appeal to identify ODM as the appellee failed. *See Kingsley, supra.*

{¶ 11} Because the trial court did not err in denying HHA's motion and dismissing its appeal, we overrule HHA's first and second assignments of error.

{¶ 12} HHA's third assignment of error asserts the clerk of court's refusal to accept for filing its March 8, 2018 notice of appeal was an unconstitutional exercise of power. However, before the trial court, HHA did not raise any constitutional argument regarding

the clerk's rejection of its March 8, 2018 notice of appeal.  A party who fails to raise an argument in the trial court waives the right to raise it on appeal.  *Betz v. Penske Truck Leasing Co., L.P.*, 10th Dist. No. 11AP-982, 2012-Ohio-3472, ¶ 34.  Thus, because this argument is not properly before us, we do not consider it.

{¶ 13} Accordingly, we overrule HHA's third assignment of error.

## IV. Disposition

{¶ 14} Having overruled HHA's first, second, and third assignments of error, we affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

DORRIAN and BRUNNER, JJ., concur.