[Cite as *White v. Ohio Pub. Defender*, 2019-Ohio-5204.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Darrell White, | : | |
| Plaintiff-Appellant, | : | |
| | : | No. 19AP-243 |
| v. | : | (Ct. of Cl. No. 2018-01514JD) |
| Ohio Public Defender, | : | (ACCELERATED CALENDAR) |
| Defendant-Appellee. | : | |

D E C I S I O N

Rendered on December 17, 2019

**On brief:** *Darrell White*, pro se.

**On brief:** *Dave Yost*, Attorney General, and *Samantha J. Scherger*, for appellee.

APPEAL from the Court of Claims of Ohio

BEATTY BLUNT, J.

{¶ 1} Plaintiff-appellant, Darrell White, appeals from an entry of the Court of Claims of Ohio granting the motion to dismiss of defendant-appellee, Ohio Public Defender ("OPD"). For the following reasons, we affirm.

## I. Facts and Procedural History

{¶ 2} On December 18, 2018, White filed a complaint in the Court of Claims. The complaint alleges that White was arrested and notified of his *Miranda* rights. At his arraignment, White informed the court that he wanted an attorney to be appointed and White paid a $25 fee. The court appointed attorney Greg Donahue. Afterward, White chose to be represented by attorney Ken Rexford. Subsequently, White sent three letters to OPD inquiring about his criminal case: one on September 26, 2018, one on October 1, 2018, and one on October 9, 2018.

{¶ 3}   On October 16, 2018, Kenneth Spiert, an assistant state public defender, responded on behalf of OPD to White in the form of a letter which White attached to his complaint as Exhibit A.  The letter states it was being sent in response to White's three previous letters to OPD in which White requested OPD's assistance with filing civil lawsuits in federal court.  The letter further states that in 2015, White filed a civil lawsuit against OPD and by doing so, White "created a conflict of interests that prohibits this office from advising you or representing you now and in the future.  Prof. Cond. Rule 1.7.  Therefore, this office must decline your request for assistance."

{¶ 4}   White further alleges in his complaint that the failure of OPD to represent him deprived him of his right to legal counsel and his chance of freedom.  Alternatively, White seeks redress for alleged violations of the right to counsel established by the Sixth Amendment to the U.S. Constitution.  White demanded $7 million as compensation for his claim.

{¶ 5}   OPD responded to White's complaint with a January 16, 2019 motion to dismiss, arguing the trial court should dismiss White's complaint in its entirety pursuant to Civ.R. 12(B)(1) and (6).  White then filed a belated memorandum contra OPD's motion to dismiss on March 7, 2019.  Despite being untimely, the trial court considered White's response.

{¶ 6}   In a March 21, 2019 entry, the trial court granted OPD's motion to dismiss. The trial court found White's complaint sounded in legal malpractice, but that White failed to allege the formation of an attorney-client relationship between White and OPD.  Further, the trial court concluded that to the extent White's complaint asserted claims for violations of his constitutional rights—whether based on the Sixth Amendment or any other constitutional basis—it lacked subject-matter jurisdiction over such alleged violations. Thus, the trial court granted OPD's motion and dismissed White's complaint in its entirety pursuant to Civ.R. 12(B)(1) and (6).  White timely appeals.

## II.  Assignments of Error

{¶ 7}   White assigns two sets of nine errors each for our review:

Set One:

[1.] The trial court was in error for dissmissing case, prior to discovery

[2.] The trial court was in error for dissmissing case, prior to judgment and not granting relief or sanction's for obstruction of justice filed March 7, 2019

[3.] The trial court errored in the fact that plaintiff was lawsuiting a agency (Ohio Puplic Defender's) and not a individual, but rather any assigned attorney agent repesenting that agency in that agency capacity

[4.] The trial court error in not deciding raether or not plaintiff is entiled to Ohio Public Defender services once prior given in said case herein and for the future

[5.] The trial court error in an established breach of contract between plaintiff and agency

[6.] Can Defendant claim conflict of interest, after judge appoint counsel services, and there was a $25 dollar fee agreement estastablished and performances of service was provided to Plaintiff, and then deprive relied upon rendered services that plaintiff was relying on, the trial court errored on issue

[7.] Did the trial court error for not adjudicating plaintiff's unjust enrichment claim, as a tax paying citizen and U.S. Army veteran, for being denied services

[8.] Did the trial court error in malpractice between plaintiff and agency Ohio Public Defender specifically in establishing causal link connection

[9.] The trial court errored when Lima, Munipal Court case No. 18 CRA 02004 Judge established client and agency (O.P.D.) causal link for services and the denial letter of service's breach the contractual relationship for service's that should not have been denied

Set Two:

[1.] By reason's herein the trial court errored in dissmissing case bias and prejudice plaintiff

[2.] The trial court never saction or adjudicated relief, that didn't hinder plaintiff case, bias, prejudice plaintiff

[3.] The trial court errored in the plaintiff established malpractice in the capacity as office of the public defender and it's agents or assistant's bias, prejudice plaintiff

[4.] With the court appointing counsel and with plaintiff establish $25 fee and without prior notice the trial court errored in not deciding or adjudicating the appellant had a right to future service's bias, prejudice plaintiff

[5.] The trial court erroed once it was established the ageny or office of defendant owed a obligation and owed a contractual duty the trial court errored in breach of duty, breach of obligation, breach in judge appointment of agency and breach of contract bias, prejudice plaintiff

[6.] The trial court was in error there can never be a conflict of interest in the agency/offices capacity when service's already been contracted, existed, and performed on with advise strategy and counsel strategy and fee established in writing contractualy bias, prejudice plaintiff

[7.] The trial court errored not adjudicating plaintiff unjust enrichment claim when the defendant except my military service to protect freedom's and except my tax paying dollar's and deprive me of service in the present and future that's unjust enrichment to something I pay for being unjustly without prior notification deprived of the trial court is in error bias, prejudice plaintiff

[8.] The trial court errored in malpractice standard between plaintiff capacity and Ohio Public Defender capacity and it's agents or assistants capacity bias, prejudice plaintiff

[9.] The trial court error when all factual inferences in favor of plaintiff and the complaint gave Lima, Municipal case number establishing a judge appointing defendant bias, prejudice plaintiff

(Sic passim.)

### III. Discussion

{¶ 8}   Because all of White's assignments of error are interrelated, we address them jointly.  Indeed, although White has presented two separate sets of assignments of error, each of which consists of nine errors, in essence White has asserted but one assignment of

error:  that is, that the trial court erred in granting OPD's motion to dismiss pursuant to Civ.R. 12(B)(1) and (6).

{¶ 9}   Civ.R. 12(B)(1) permits dismissal where the trial court lacks jurisdiction over the subject-matter of the litigation. *Guillory v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 07AP-861, 2008-Ohio-2299, ¶ 6.  Subject-matter jurisdiction involves a court's power to hear and decide a case on the merits.  *Lowery v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 14AP-730, 2015-Ohio-869, ¶ 6, citing *Vedder v. Warrensville Hts.*, 8th Dist. No. 81005, 2002-Ohio-5567, ¶ 14.  In deciding a Civ.R. 12(B)(1) motion, a court must dismiss for lack of subject-matter jurisdiction if the complaint fails to allege any cause of action cognizable in the forum.  *Brown v. Levin*, 10th Dist. No. 11AP-349, 2012-Ohio-5768, ¶ 14.  An appellate court reviews a trial court's decision on a Civ.R. 12(B)(1) motion to dismiss for lack of subject-matter jurisdiction under a de novo standard of review.  *Pankey v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 13AP-701, 2014-Ohio-2907, ¶ 7.

{¶ 10} Under Civ.R. 12(B)(6), a defendant may move to dismiss a complaint for failure to state a claim upon which relief can be granted.  A Civ.R. 12(B)(6) motion to dismiss tests the sufficiency of the complaint. *O'Brien v. Univ. Community Tenants Union, Inc.*, 42 Ohio St.2d 242, 245 (1975).  In ruling on a motion to dismiss pursuant to Civ.R. 12(B)(6), the court must construe the complaint in the light most favorable to the plaintiff, presume all factual allegations in the complaint are true, and make all reasonable inferences in favor of the plaintiff.  *Mitchell v. Lawson Milk Co.*, 40 Ohio St.3d 190, 192 (1988).  The dismissal of a complaint for failure to state a claim is proper when it appears, beyond doubt, that the plaintiff can prove no set of facts entitling him to relief.  *Celeste v. Wiseco Piston*, 151 Ohio App.3d 554, 2003-Ohio-703, ¶ 12 (11th Dist.).  Although the trial court may not rely on evidence outside the complaint, it may take into consideration both the complaint and any attachments to it.  *Smith v. Estate of Knight*, 10th Dist. No. 18AP-534, 2019-Ohio-560, ¶ 7; *Beard v. New York Life Ins. & Annuity Corp.*, 10th Dist. No. 12AP-977, 2013-Ohio-3700, ¶ 11.  Furthermore, when documents attached to the complaint foreclose a claim, the trial court may properly grant a motion to dismiss for failure to state a claim upon which relief may be granted.  *Beard* at ¶ 11.  When reviewing a decision on a Civ.R. 12(B)(6) motion to dismiss for failure to state a claim upon which relief can be

granted, this court's standard of review is de novo. *Foreman v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 14AP-15, 2014-Ohio-2793, ¶ 9.

{¶ 11} Turning to White's complaint, we observe the established legal principle that regardless of how a plaintiff characterizes his claims, claims arising out of an attorney's representation constitute claims for legal malpractice. *Brust v. Kravitz*, 10th Dist. No. 16AP-201, 2016-Ohio-7871, ¶ 17, citing *Rumley v. Buckingham, Doolittle & Burroughs*, 129 Ohio App.3d 638, 641 (10th Dist.1998) ("When the gist of a complaint sounds in malpractice, the other duplicative claims, even those labeled as breach of contract and promissory estoppel, are subsumed within the legal malpractice claims."); *see also Creech v. Gaba*, 10th Dist. No. 15AP-1100, 2017-Ohio-195, ¶ 10 ("All claims in tort, fraud, or contract against a lawyer are, essentially, considered to be malpractice.").

{¶ 12} To establish a claim for legal malpractice based on negligent representation, the plaintiff must show "(1) that the attorney owed a duty or obligation to the plaintiff, (2) that there was a breach of that duty or obligation and that the attorney failed to conform to the standard required by law, and (3) that there is a causal connection between the conduct complained of and the resulting damage or loss." *Vahila v. Hall*, 77 Ohio St.3d 421, 427 (1997).

{¶ 13} Having conducted a de novo review of the pleadings, we agree with the trial court that White's claims sound in legal malpractice. White, however, has failed to state a claim for legal malpractice against OPD because he has failed to allege he had an attorney-client relationship with OPD. Indeed, White's complaint and the document attached to it as Exhibit "A" clearly evince that the OPD declined to represent White due to the conflict of interest that was created when White sued OPD in 2015. It is axiomatic that an attorney's representation must be free from conflicts of interest. *State v. Dillon*, 74 Ohio St.3d 166, 167-68 (1995), citing *State v. Gillard*, 64 Ohio St.3d 304 (1992)[1] Therefore, it was not only proper for OPD to decline to represent White, it was imperative for OPD to do so. Further, in the absence of an attorney-client relationship between OPD and White, OPD owed no

---

[1] *See also* Ohio R. Prof. Cond. 1.7, which provides, in relevant part, that a conflict of interest is created when "there is a *substantial* risk that the lawyer's ability to consider, recommend, or carry out an appropriate course of action for that client will be materially limited by the lawyer's responsibilities to another client, a former client, or a third person or by the lawyer's own personal interests." (Emphasis sic.)

duty whatsoever to White, thereby foreclosing any claim for legal malpractice. Accordingly, the trial court properly dismissed White's claims sounding in legal malpractice pursuant to Civ.R. 12(B)(6).

{¶ 14} Additionally, we agree with the trial court's reasoning that to the extent that White's claims do not sound in legal malpractice but may otherwise allege a constitutional claim for violation of his Sixth Amendment right to counsel, such a claim is not cognizable in the Court of Claims. It is well-established that this type of claim cannot be considered by the Court of Claims because, as a court of limited jurisdiction, the Court of Claims may not consider constitutional claims. *Baker v. Dept. of Rehab. & Corr.*, 10th Dist. No. 11AP-987, 2012-Ohio-1921, ¶ 9; *Guillory* at ¶ 12. Thus, to the extent that White's complaint asserted constitutional claims, the trial court properly dismissed such claims for lack of subject-matter jurisdiction pursuant to Civ.R. 12(B)(1).

{¶ 15} Finally, to the extent that White argues that the complaint should not have been dismissed prior to conducting discovery, we summarily reject such argument. Having concluded that White's complaint failed to state a claim for legal malpractice, the trial court was not required to permit the parties to engage in discovery as any such discovery would be pointless. *Wiles v. Miller*, 10th Dist. No. 12AP-989, 2013-Ohio-3625, ¶ 44, citing *Lindow v. N. Royalton*, 104 Ohio App.3d 152, 159 (8th Dist.1995) ("The completion of discovery is not relevant to the granting of a motion to dismiss."). Thus, the trial court did not err in dismissing the complaint prior to discovery.

{¶ 16} In summation, the trial court properly granted OPD's motion to dismiss White's complaint pursuant to Civ.R. 12(B)(1) and (6). For these reasons, we overrule White's nine assignments of error from set one and his nine assignments of error from set two.

## IV. Disposition

{¶ 17} Based on the foregoing reasons, the trial court did not err in granting OPD's motion to dismiss pursuant to Civ.R. 12(B)(1) and (6). Having overruled White's two sets of nine assignments of error each, we affirm the judgment of the Court of Claims of Ohio.

*Judgment affirmed.*

SADLER and BRUNNER, JJ., concur.

———————————