[Cite as *In re F.M. v. Ohio Dept. of Medicaid*, 2023-Ohio-4522.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| In the matter of: [F.M.], | : | |
| [A.M. et al.], | : | |
| Appellants, | : | No. 23AP-104 |
| | | (C.P.C. No. 22CV-6490) |
| v. | : | |
| | | (REGULAR CALENDAR) |
| Ohio Department of Medicaid, | : | |
| Appellee. | : | |

D E C I S I O N

Rendered on December 12, 2023

**On brief:** *Sam G. Caras Co., L.P.A.*, and *Sam G. Caras*; *David M. Deutsch*, for appellants. **Argued:** *Sam G. Caras*.

**On brief:** *Dave Yost*, Attorney General, *V. Alex Miller*, and *Kelly Ranttila Richardson*, for appellee. **Argued:** *V. Alex Miller*.

APPEAL from the Franklin County Court of Common Pleas

LELAND, J.

{¶ 1} Appellants, A.M. and B.M., appeal from a decision and entry of the Franklin County Court of Common Pleas dismissing their appeal, filed pursuant to R.C. 119.12, from a decision rendered by a hearing examiner following appellants' request for a determination whether the amount of reimbursement of medical assistance paid by appellee, Ohio Department of Medicaid ("the department"), should be different from that set forth in R.C. 5160.37(L).

## I. Facts and Procedural History

{¶ 2} The following background facts, essentially undisputed, are taken primarily from the decision of a department hearing examiner, received by the department on

September 7, 2022 following an evidentiary hearing conducted on April 25, 2022. Appellants are the parents of F.M., who was "born preterm at 23 weeks * * * with significant disabilities." (Hearing Examiner Decision at 2.) In 2016, appellants brought an action in the Clark County Court of Common Pleas against three treating physicians, "alleging that their deviation from the applicable standard of care * * * resulted in [F.M.'s] preterm delivery and subsequent disabilities." (Hearing Examiner Decision at 2.) During the time of the events, F.M.'s mother, A.M., was a Medicaid recipient, and the department made payments on F.M.'s behalf.

{¶ 3} After the start of trial, the action was settled as a result of a mediation led by the trial judge. Counsel for the parties "took the offer to their clients," and appellants "accept[ed] an offer of $1.5 million." (Hearing Examiner Decision at 6.) By entry filed December 17, 2021, the settlement was approved by the Clark County Probate Court. The court's entry directed that $338,421.70 of the settlement funds be deposited in the trust account of attorney Sam G. Caras "pending resolution of a declaratory judgment action he had filed in connection with" a Medicaid lien asserted by the department. (Hearing Examiner Decision at 7.)

{¶ 4} Appellants' complaint for declaratory judgment, referenced above, was filed in the Clark County Court of Common Pleas on November 8, 2021. The declaratory judgment action challenged "the validity, enforceability, and constitutionality of the Department's subrogation rights." *See* [*A.M.*] *v. Ohio Dept. of Medicaid*, 2d Dist. No. 2022-CA-9, 2022-Ohio-3075, ¶ 7. The department filed a motion to dismiss, asserting lack of subject-matter jurisdiction. The trial court granted the motion, finding it "lacked jurisdiction over the case because the administrative procedure in R.C. 5160.37 controlled and was the exclusive remedy." *Id.* at ¶ 12. On appeal, the Second District Court of Appeals affirmed, holding "the trial court correctly dismissed this case for lack of subject matter jurisdiction" as "R.C. 5160.37 provides an exclusive administrative remedy for resolving disputes over amounts medical assistance recipients must pay the Department after obtaining a tort recovery from liable third parties." *Id.* at ¶ 4.

{¶ 5} On January 18, 2022, appellants requested an administrative hearing with the department pursuant to R.C. 5160.37 and Ohio Adm.Code 5160-80-02 (the proceedings that are the subject of the instant appeal). The matter was assigned to a hearing examiner

who conducted a hearing to determine whether the amount of reimbursement paid by the department should be different than that set forth in R.C. 5160.37. During the hearing, the department called as its sole witness Kelly Hagan, supervisor of the state's tort recovery unit, while the sole witness called by appellants was attorney Caras.

{¶ 6} The hearing examiner made findings that the department "expended at least $338,421.70 * * * for [F.M.'s] medical care and services arising out of the tortuous activities." (Hearing Examiner Decision at 7.) During the hearing, Hagan testified that "the final recovery amount was determined using the formula set forth in * * * R.C. 5160.37(G)." (Hearing Examiner Decision at 7.) Because "the $338,421.70 in medical expenses was less than the $456,441.62 that represented 50% of the settlement amount minus statutory deductions, [the department] determined that it had a right of recovery for the entire amount." (Hearing Examiner Decision at 7.) Appellants, on the other hand, asserted the department was "entitled to recover $10,829.70 from the settlement" based on appellants' calculation of "the percentage of the settlement to which [the department] is entitled by dividing [the department's] claim for $338,427.70 by $10,388,421.70 in 'total damages' (which are identified as the medical costs paid by [the department], $700,000 in lost wages, $4.35 million for the life care plan and $5 million in general damages)." (Hearing Examiner Decision at 7-8.)

{¶ 7} The hearing examiner filed a decision, dated August 29, 2022 and received by the department on September 7, 2022, including findings of fact and conclusions of law, in which the hearing examiner rejected appellants' assertion that "R.C. 2323.44(B) preempts R.C. 5160.37(G) and [the department's] claim is subject to a proportionate reduction from $338,421.70 to $10,829.[70] pursuant to R.C. 2323.44(B)(1)." (Hearing Examiner Decision at 10.) Regarding the issue of whether a different allocation was warranted, the hearing examiner determined appellants had not met their burden "of rebutting by clear and convincing evidence the presumption that [the department] is entitled to recover the amount that it expended" on behalf of F.M. "for medical care and services for injuries arising out [of] her premature birth that was the subject of the malpractice action in the Clark County Court of Common Pleas." (Hearing Examiner Decision at 15.) The hearing examiner thus concluded "a different allocation from that set

forth in R.C. 5160.37(L)(1) is not warranted and [the department] is entitled to recover $338,421.70." (Hearing Examiner Decision at 15-16.)

{¶ 8} Appellants did not make a request for an administrative appeal to the director of the department for review of the hearing decision. On September 19, 2022, appellants filed a notice of appeal with the trial court, pursuant to R.C. 119.12, from the September 7, 2022 decision of the hearing examiner.

{¶ 9} On October 27, 2022, the department filed a motion to dismiss, asserting lack of subject-matter jurisdiction or, in the alternative, for appellants' failure to exhaust administrative remedies. On November 10, 2022, appellants filed a memorandum in opposition to the department's motion to dismiss. On November 17, 2022, the department filed a reply in support of its motion to dismiss.

{¶ 10} On January 19, 2023, the trial court filed a decision and entry dismissing the appeal. In its decision, the trial court held in part that appellants' attempt to appeal from the decision of a department hearing examiner was not an appeal from "the 'highest or ultimate authority' " under R.C. Chapter 119, and therefore "this case lacks subject matter jurisdiction." (Decision & Entry at 3.)

## II. Assignment of Error

{¶ 11} Appellants appeal and assign the following sole assignment of error for our review:

> The Court below erred by misapplying the Doctrine of Exhaustion of Administrative Remedies because appeal to the [the department] Director would be a vain act.

## III. Analysis

{¶ 12} Under their single assignment of error, appellants contend the trial court erred in misapplying the doctrine of exhaustion of administrative remedies. Appellants argue the trial court "refused to recognize the doctrine of exhaustion of administrative remedies does not apply in a case such as this," and that requiring the exhaustion of remedies would be onerous and a vain act. (Appellants' Brief at 6.)

{¶ 13} In response, the department argues the trial court did not dismiss the appeal for failure to exhaust administrative remedies but, rather, for lack of subject-matter jurisdiction. We agree.

{¶ 14} A review of the trial court's decision indicates, as argued by the department, the trial court did not rely on appellants' failure to exhaust administrative remedies as the basis for dismissing the appeal. Rather, the trial court dismissed the appeal for lack of subject-matter jurisdiction on grounds that appellants' attempt to appeal from the hearing examiner's decision was not authorized by statute, i.e., R.C. 5160.37(N), and because the decision appealed from was not an "adjudication," as "defined within R.C. 119.01(D)," subject to appeal under R.C. 119.12. (Decision & Entry at 2.) We therefore address the threshold issue of whether the trial court had subject-matter jurisdiction over the appeal.

{¶ 15} A trial court's dismissal of a case for lack of subject-matter jurisdiction "is a question of law reviewed by the appellate court de novo." *Nkanginieme v. Ohio Dept. of Medicaid*, 10th Dist. No. 14AP-596, 2015-Ohio-656, ¶ 12, citing *Daniel v. Williams*, 10th Dist. No. 10AP-797, 2011-Ohio-1941, ¶ 9, citing *Ford v. Tandy Transp., Inc.*, 86 Ohio App.3d 364, 375 (4th Dist.1993). The question of subject-matter jurisdiction "refers to the statutory or constitutional power of a court to hear a case." *Id.* at ¶ 15. Whether subject-matter jurisdiction exists "is a threshold question that will prevent a court from reaching the underlying issues in a case." *Turner v. Ohio Dept. of Rehab. & Corr.*, 180 Ohio App.3d 86, 2008-Ohio-6608, ¶ 9 (10th Dist.), citing *Rinehart v. Bank One, Columbus, N.A.*, 125 Ohio App.3d 719, 727 (10th Dist.1998). In the absence of subject-matter jurisdiction, "a trial court has no power to act." *Pivonka v. Corcoran*, 162 Ohio St.3d 326, 2020-Ohio-3476, ¶ 20, citing *State ex rel. Jones v. Suster*, 84 Ohio St.3d 70, 78 (1998).

{¶ 16} With respect to "administrative appeals, '[c]ourts of common pleas only have "such powers of review of proceedings of administrative officers and agencies as may be provided by law." ' " *Nkanginieme* at ¶ 15, quoting *Clifton Care Ctr. v. Ohio Dept. of Job & Family Servs.*, 10th Dist. No. 12AP-709, 2013-Ohio-2742, ¶ 9, quoting Ohio Constitution, Article IV, Section 4. Accordingly, "jurisdiction over an administrative appeal is improper 'unless granted by R.C. 119.12 or other specific statutory authority.' " *Id.*, quoting *Abt v. Ohio Expositions Comm.*, 110 Ohio App.3d 696, 699 (10th Dist. 1996). *See also Yanega v. Cuyahoga Cty. Bd. of Revision*, 156 Ohio St.3d 203, 2018-Ohio-5208, ¶ 10, citing *Midwest Fireworks Mfg. Co., Inc. v. Deerfield Twp. Bd. of Zoning Appeals*, 91 Ohio St.3d 174, 177 (2001) ("there is no inherent right to appeal an administrative decision; rather, the right must be conferred by statute"). Further, " '[w]here a statute confers the right of appeal,

adherence to the conditions thereby imposed is essential to the enjoyment of the right conferred.' " *Id.*, quoting *Am. Restaurant & Lunch Co. v. Glander*, 147 Ohio St. 147 (1946), paragraph one of the syllabus.

{¶ 17} As noted under the facts, appellants requested an administrative hearing under R.C. 5160.37 challenging the department's statutory right of recovery. The primary issue before the hearing examiner in the underlying administrative proceeding was whether the amount of reimbursement of medical assistance paid by the department on behalf of F.M. "should be different than set forth in R.C. 5160.37." (Hearing Examiner Decision at 1.)

{¶ 18} By way of background, the federal Medicaid program "provides joint federal and state funding for medical care for individuals who cannot afford to pay their own medical costs." *Pivonka* at ¶ 3. Federal law requires that each participating state "give itself subrogation rights to recover certain costs the state paid under the Medicaid program," and "each state must enact legislation giving it the right to seek reimbursement from a third-party tortfeasor * * * for medical expenses that the third-party wrongdoer caused and the state paid on behalf of a Medicaid participant." *Id.* at ¶ 4. Thus, "[w]hen a third party is liable to pay for the Medicaid participant's medical costs, the state must seek reimbursement for the medical costs that it paid under the Medicaid program." *Id.* Under the statutory scheme, the state "may seek reimbursement directly from the third party," or it may "also seek reimbursement from a Medicaid participant who received payment from the third party for the medical costs." *Id.*

{¶ 19} Ohio's Medicaid subrogation rights statute, "originally contained in former R.C. 5101.58," has undergone various amendments, and the current version is set forth under R.C. 5160.37. *Id.* at ¶ 5, 9. The 2015 version of R.C. 5160.37 "created a 'rebuttable presumption' that the Department would receive no less than one-half of the remaining amount of the judgment, award or settlement after fees, expenses, and costs were deducted," but the statute "also provided a mechanism for a Medicaid participant to rebut the statute's presumption by way of an administrative hearing." *Id.* at ¶ 9.

{¶ 20} Specifically, R.C. 5160.37(L) permits a party to seek to rebut the statutory presumption by requesting a hearing before a department hearing examiner. Following the hearing, the hearing examiner "shall file its hearing decision," and the decision "shall

provide notice to the appellant of the right to and the method of obtaining an administrative appeal." Ohio Adm.Code 5160-80-08(D). Pursuant to R.C. 5160.37(M)(1), "[a] medical assistance recipient who disagrees with a hearing examiner's decision under division (L) of this section may file an administrative appeal with the medicaid director in accordance with the procedure the department establishes for this purpose in rules required by division (O) of this section." R.C. 5160.37(M)(1) further states in part that "the director * * * shall review the hearing examiner's decision and any prior relevant administrative action." Following such review, "the director * * * shall affirm, modify, remand, or reverse the hearing decision." The director may also "reverse, decrease, or increase any monetary finding made for the appellant if there is a basis in either law or the record for this action." Ohio Adm.Code 5160-80-09(F)(1).

{¶ 21} Pursuant to R.C. 5160.37(N), "[a] party to an administrative appeal described in division (M) of this section may file an appeal with a court of common pleas in accordance with section 119.12 of the Revised Code." Ohio Adm.Code 5160-80-09(F)(2) provides in part: "The director shall file with the depository agent the directors administrative appeal decision, which shall include notice of the right to file an appeal with the court of common pleas of Franklin [C]ounty in accordance with section 119.12 of the Revised Code." R.C. 5160.37(M)(1) states that "[a] decision made under this division is final and binding on the department * * * and the medical assistance recipient unless it is reversed or modified on appeal to a court of common pleas as described in division (N) of this section."

{¶ 22} In its motion to dismiss before the trial court in the instant case, the department argued, as it does on appeal, that R.C. 5160.37 does not authorize an appeal to the trial court from a hearing examiner's decision issued under R.C. 5160.37(L), nor does R.C. 119.12 independently authorize the appeal. We agree.

{¶ 23} As noted, appellants requested an administrative hearing and, following that hearing, the hearing examiner issued a decision finding "a different allocation from that set forth in R.C. 5160.37(L)(1) is not warranted." (Hearing Examiner Decision at 15.) That decision provided notice to appellants of their "right to request an administrative appeal." (Hearing Examiner Decision at 16.) Appellants, however, did not seek review of the hearing decision through the statutory appeal process, i.e., appellants did not "file an administrative

appeal with the medicaid director." R.C. 5160.37(M)(1). Rather, appellants sought to pursue an appeal under R.C. 119.12 directly from the decision of the hearing examiner. Because appellants did not avail themselves of the process for appealing the hearing examiner's decision to the department's director, no administrative appeal decision has been issued by the director that either affirms, reverses, remands, or modifies the hearing examiner's determination that appellants failed to rebut the statutory presumption in R.C. 5160.37(G).

{¶ 24} In *Pivonka,* the Supreme Court of Ohio held that "[b]y enacting R.C. 5160.37, the General Assembly created an administrative-review process for Medicaid participants challenging their overpayment of money to the Department subject to the statutory presumption," and such "administrative process is, by its own terms, the 'sole remedy' available to those individuals." *Pivonka* at ¶ 23. Specifically, the court observed, the remedy "is complete and comprehensive," as the statute "identifies the steps required to request a hearing," and "prescribes the hearing examiner's authority to consider and weigh the evidence, the Department's ability to raise affirmative defenses, and other rules that apply to the hearing." *Id.* Finally, the statute "provides a process for appealing the hearing examiner's decision to the Department's director," as well as "a process for appealing the director's decision to the common pleas court." *Id.*

{¶ 25} The Supreme Court in *Pivonka* further observed that "even though administrative agencies cannot adjudicate constitutional questions, * * * a party cannot circumvent the administrative-review process by first raising a constitutional challenge in the common pleas court." *Id.* at ¶ 24. Rather, the appropriate "procedure for raising a constitutional challenge is to first exhaust all administrative remedies," wherein a party "can then raise the constitutional challenge in the court that hears the administrative appeal." *Id. See also State ex rel. Kingsley v. State Emp. Relations Bd.*, 130 Ohio St.3d 333, 2011-Ohio-5519, ¶ 18 (recognizing that, although an administrative agency is without jurisdiction to determine the constitutional validity of a statute, "facial and as-applied constitutional challenges can be raised on further appeal from an administrative agency to a court").

{¶ 26} Based on this court's de novo review, we agree with the department that R.C. 5160.37 does not authorize appellants' attempt to appeal directly from the hearing

examiner's decision. *See*, *e.g.*, *Pivonka* at ¶ 9 ("Following *an administrative appeal*, either party may appeal *the Medicaid director's decision* to the common pleas court in accordance with R.C. 119.12."). (Emphasis added.) Further, we agree with the department that R.C. 119.12, relied on by appellants as authority for their appeal, did not itself, i.e., independently, confer on appellants the ability to appeal the hearing examiner's decision.

{¶ 27} In the present case, the trial court, in its decision dismissing appellants' appeal, held in part: "R.C. 5160.37(N) allows an [a]ppellant to appeal the [a]ppellee's decision but it is tied to R.C. 119.12. R.C. 119.12(A)(1) speaks to an adverse 'adjudication.' " (Decision & Entry at 2.) The trial court further held: "[T]he decision being appealed is that of the Hearing Examiner. A Hearing Examiner is not the 'highest or ultimate authority' within the [department]. * * * Hence, this case lacks subject matter jurisdiction." (Decision & Entry at 3.) We find no error with that determination.

{¶ 28} In general, "R.C. 119.12 only allows appeals of orders issued pursuant to an adjudication." *Estep v. Ohio Dept. of Job & Family Servs.*, 10th Dist. No. 12AP-438, 2013-Ohio-82, ¶ 15. R.C. 119.12(A) states: "Any party adversely affected by any order of an agency issued pursuant to an adjudication may appeal from the order of the agency to the court of common pleas of the county designated in division (B) of this section." Further, R.C. 119.12(B) "permits a party adversely affected by an agency order 'issued pursuant to [any other] adjudication' to appeal to the Franklin County Court of Common Pleas." *Cozad v. Ohio Elections Comm.*, 10th Dist. No. 22AP-312, 2023-Ohio-839, ¶ 10, quoting R.C. 119.12(B). R.C. 119.01(D) defines "[a]djudication" to mean "the determination by the highest or ultimate authority of an agency of the rights, duties, privileges, benefits, or legal relationships of a specified person." Pursuant to R.C. 5160.03, "[t]he medicaid director is the executive head of the department of medicaid," and "[a]ll duties conferred on the department by law or order of the director are under the director's control and shall be performed in accordance with rules the director adopts."

{¶ 29} As noted, the director has not issued an administrative appeal decision that affirms, reverses, remands, or modifies the hearing examiner's decision, and we agree with the trial court that the decision rendered by the hearing examiner was not a determination by the highest or ultimate authority, i.e., the hearing examiner's decision was not an "adjudication" from which an appeal could be taken to the common pleas court pursuant

to R.C. 119.12. In the absence of an adjudication, or other statutory authority, the trial court did not err in dismissing the appeal for lack of subject-matter jurisdiction. *See, e.g.,* *Springfield Fireworks, Inc. v. Ohio Dept. of Commerce, Div. of State Fire Marshal,* 10th Dist. No. 03AP-330, 2003-Ohio-6940, ¶ 29 (trial court properly dismissed administrative appeal under R.C. 119.12 for lack of jurisdiction where decision was not issued pursuant to an adjudication).

{¶ 30} Based on the foregoing, appellants' assignment of error is not well-taken and is overruled.

## IV. Conclusion

{¶ 31} Having overruled appellants' sole assignment of error, the judgment of the Franklin County Court of Common Pleas is affirmed.

*Judgment affirmed.*

BEATTY BLUNT, P.J., and MENTEL, J., concur.

———————————